UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
HASSAN BARROW, *on behalf of himself and those similarly situated*,

        Plaintiff,            **17 CV 8821**

    *v.*            **CLASS ACTION COMPLAINT**

EQUINOX HOLDINGS, INC.,

        *Defendant.*
------------------------------------------------------------------------×

    Plaintiff Hassan Barrow, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Equinox Holdings, Inc. ("Equinox"), as follows:

## PRELIMINARY STATEMENT

    1.    Mr. Barrow seeks damages and costs against Equinox for failing to provide him with a summary of his rights under the Fair Credit Reporting Act (FCRA), in violation of the FCRA, 15 U.S.C. § 1681.

    2.    Mr. Barrow brings his FCRA claim on behalf of himself and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

    3.    Mr. Barrow, individually, also seeks damages and costs against Equinox for discriminating against him by refusing to hire him on the basis of his criminal record, in violation of the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 296, incorporating the New York State Corrections Law (NYCL), N.Y. Corr. Law § 752.

## JURISDICTION AND VENUE

    4.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the FCRA.

1

5. Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYSHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. Mr. Barrow, at all times relevant hereto, was and is a resident of Westchester County in the State of New York.

9. Upon information and belief, at all times relevant hereto, Equinox was and is a corporation organized under the laws of the State of New York with headquarters located at 895 Broadway, New York, New York 10003 in New York County.

## CLASS ACTION ALLEGATIONS

10. Pursuant to Rule 23, Mr. Barrow seeks to prosecute his FCRA claim as a class action on behalf of himself and other individuals in the State of New York whom Equinox failed to provide with a summary of their rights under the FCRA after taking an adverse employment action against them based on their consumer credit report (the "Class Members") at any time during the seven-year period immediately preceding the filing of the original complaint (the "Statutory Period").

11. While the exact number of Class Members is presently unknown, it is estimated that there are at least 50 Class Members.

12. The group of potential Class Members is so numerous as to make it impracticable to bring them all before the Court, for which reason Mr. Barrow initiates this litigation for all persons similarly situated pursuant to Rule 23.

13. Despite the numerical size of the Class, the identities of Class Members can be ascertained through Equinox's records.

14. Mr. Barrow and his counsel do not anticipate any difficulties in the management of this action as a class action.

15. Mr. Barrow is committed to vigorous prosecution of this action, will adequately represent the purported Class Members in this action, and has retained competent counsel experienced in class action litigation.

16. Mr. Barrow is a Class Member and has no interest antagonistic to or in conflict with other Class Members.

17. This action raises numerous questions of law and fact which are of common and general interest to the Class Members, including:

   a. whether Equinox failed to provide Class Members with summaries of their rights under the FCRA;

   b. whether Equinox had taken any steps to comply with the FCRA prior to Plaintiff's application;

   c. Equinox's policies pertaining to the FCRA and criminal background checks;

   d. whether Equinox's violations of the FCRA were willful; and

   e. whether Equinox is liable for all damages claimed hereunder, including, but not limited to, statutory damages, interest, costs and disbursements and attorneys' fees.

18. The claims or defenses of the represented party are typical of the claims or defenses of the Class Members.

19. Mr. Barrow has the same interests as other Class Members in prosecuting his claims against Equinox.

20. Mr. Barrow and all Class Members sustained damages as a result of Equinox's wrongful conduct.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. Furthermore, due to the expense and burden of individual litigation, it would be extraordinarily difficult for Class Members to redress the wrongs done to them individually.

23. Mr. Barrow and The Harman Firm, LLP, will fairly and adequately assert and protect the interests of the Class Members.

## STATEMENT OF FACTS

24. On May 23, 2009, Mr. Barrow was arrested in Yonkers, New York, after two men he was with decided unpremeditatedly to rob a stranger at gunpoint.

25. Mr. Barrow, who was unarmed, did not participate in the crime, but was arrested nonetheless, along with one of the perpetrators.

26. After entering a guilty plea, Mr. Barrow was convicted of robbery in the second degree on March 17, 2010, for which he served three-and-a-half years in prison.

27. During his sentence, Mr. Barrow worked as a porter and satisfactorily completed a vocational program, Transitional Service Programs (TSP I and II), and Alcohol and Substance Abuse Treatment Programs.

28. Since his release, Mr. Barrow has attended Westchester Community College, held several jobs, maintained a steady residence, and consistently tested negative for drug use.

29. On or about August 10, 2017, Mr. Barrow applied for a position with Equinox as a Personal Trainer at Equinox's 99 Business Park Drive, Armonk, New York 10504 location (the "Location").

30. In and around early September 2017, Mr. Barrow had an initial in-person interview with a male Equinox manager at the Location, known to Mr. Barrow only as "Deckland."

31. The first-round interview went well, and Deckland invited Mr. Barrow to come in for a second interview several days later.

32. At the second interview, a panel consisting of various members of Equinox management interviewed Mr. Barrow, and Mr. Barrow underwent a hands-on evaluation in which he displayed his knowledge and teamwork capabilities.

33. At the end of the interview process, the panel ultimately selected Mr. Barrow and another individual out of a group of five or six applicants to move forward in the hiring process and told Mr. Barrow that he could work out at the Location, which he did.

34. While Mr. Barrow was working out, Deckland called him over, told him that he was hired, and said that everyone had loved his "personality, energy, and knowledge."

35. Mr. Barrow then went into the Location's office with Deckland, where Mr. Barrow informed Deckland of his criminal record.

36. Deckland told Mr. Barrow that Mr. Barrow's criminal record would not present any problems for Equinox, stating, "As long as you didn't murder anyone, you're fine."

37. Equinox then extended Mr. Barrow an offer of employment.

5

38. Mr. Barrow completed the Equinox onboarding process, during which he signed an authorization for a background check.

39. After completing the onboarding process, however, Equinox never contacted Mr. Barrow to inform him of his start date or provide any other follow-up information.

40. Mr. Barrow called Equinox several times to inquire about his start date, to which Equinox did not respond.

41. After Mr. Barrow had called Equinox multiple times without response, Deckland eventually called Mr. Barrow.

42. Deckland apologized and withdrew Equinox's employment offer, telling Mr. Barrow that Equinox had told Deckland that Equinox could not hire Mr. Barrow because of the results of Mr. Barrow's background check.

43. Equinox never provided Mr. Barrow with a description of his rights under the FCRA, as required by the FCRA.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Violation of the FCRA**

44. Plaintiff, on behalf of himself and those similarly situated, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 43 with the same force as though separately alleged herein.

45. Under 15 U.S.C. § 1681b(b)(3)(A), before taking an adverse employment action against a job applicant based on a consumer report, the employer must provide the applicant with a description in writing of the applicant's rights.

46. Here, Equinox did not provide Mr. Barrow and the putative Class Members with descriptions of their rights, in violation of the FCRA.

6

47. For this violation, Mr. Barrow and the putative Class Members are entitled to the greater of their actual damages or statutory damages up to $1,000.

## SECOND CAUSE OF ACTION
**Criminal Record Discrimination in Violation of the NYSHRL as Defined by the NYCL**

48. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

49. The NYSHRL prohibits an employer from denying an applicant employment based on a criminal offense unless (1) there is a direct relationship between one or more of the applicant's previous criminal offenses and the specific employment sought, or (2) the granting of employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

50. In determining whether to deny an applicant employment based on a criminal offense, an employer may consider only the following factors, set forth in the NYCL:

   1) The public policy of [New York State], […] to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
   2) The specific duties and responsibilities necessarily related to the employment sought by the person.
   3) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
   4) The time which has elapsed since the occurrence of the criminal offense or offenses.
   5) The age of the person at the time of occurrence of the criminal offense or offenses.
   6) The seriousness of the offense or offenses.
   7) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
   8) The legitimate interest of the employer in protecting property, and the safety and welfare of specific individuals or the general public.

51. The NYCL also requires an employer to give consideration to an applicant's certificate of relief from disabilities or certificate of good conduct, which creates a presumption of rehabilitation regarding the at-issue offense or offenses.

52. Here, there is no indication that Equinox evaluated all eight factors at the time it decided to deny Mr. Barrow employment, but, if Equinox had done so, it would have learned that each factor goes in Mr. Barrow's favor.

53. Equinox denied Mr. Barrow employment based on his criminal record, yet there was no direct relationship between Mr. Barrow's previous criminal offense and the specific employment sought, and granting Mr. Barrow employment at Equinox would not involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

54. Equinox's refusal to hire Mr. Barrow based on his criminal record therefore violates the NYSHRL.

55. As a direct and proximate consequence of Equinox's criminal record discrimination, Mr. Barrow has suffered, and continues to suffer, substantial damages, all in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial; and

C. For such other and further relief as the Court deems just and proper.


Dated:      New York, New York
            November 13, 2017


                                    By:   s/ Walker G. Harman, Jr.
                                          Walker G. Harman, Jr. [WH-8044]
                                          Edgar M. Rivera [ER-1378]
                                          THE HARMAN FIRM, LLP
                                          220 Fifth Avenue, Suite 900
                                          New York, NY 10001
                                          (212) 425-2600
                                          wharman@theharmanfirm.com
                                          erivera@theharmanfirm.com

                                          *Attorneys for Plaintiff*